UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| OSCAR RAMOS,<br><br>Plaintiff,<br><br>v.<br><br>LESA MARIE GONZALEZ, et al.,<br><br>Defendants. | Case No. 2:24-cv-01261-CSK<br><br>ORDER GRANTING PLAINTIFF'S MOTION TO COMPEL<br><br>(ECF No. 25) |

Plaintiff Oscar Ramos moves to compel Defendants Lesa Marie Gonzalez, individually and dba Dave's Giant Hamburger, and Ellen Carol Gansberg to respond to Plaintiff's interrogatories, requests for admissions ("RFAs"), and requests for documents ("RFPs").[1] Pl. Mot. (ECF No. 25). Pursuant to Local Rule 251(e), Plaintiff's motion is excepted from the requirement for Joint Statements re Discovery Disagreement and was set for hearing on October 28, 2025. *See* E.D. Cal. L.R. 251(e); Pl. Mot. On September 23, 2025, the Court vacated the hearing on the motion, ordered any opposition to the motion be filed by September 24, 2025, any optional reply be filed by September 26, 2025, and submitted the matter on the record and written briefing. 9/23/2025 Minute

---

[1] This case proceeds before the undersigned pursuant to 28 U.S.C. § 636(c) for all purposes, including the entry of judgment, pursuant to the consent of all parties. (ECF No. 16.)

1

Order (ECF No. 26). Defendants did not file an opposition or response to the motion. *See* Docket. For the reasons that follow, the Court GRANTS Plaintiff's motion to compel.

## I. BACKGROUND

On April 30, 2024, Plaintiff filed a complaint alleging claims for violation of the Americans with Disabilities Act of 1990 and related state law claims. Compl. (ECF No. 1). On October 9, 2024, Defendants filed their answer. (ECF No. 12). On January 28, 2025, the Court held an initial scheduling conference to discuss case deadlines. 1/28/2025 Minute Order (ECF No. 21). At the initial scheduling conference, the parties confirmed they had exchanged Rule 26 initial disclosures. 1/30/2025 PTSO at 3 (ECF No. 22). On January 30, 2025, the Court issued a Pretrial Scheduling Order setting case deadlines, including a non-expert discovery deadline for September 30, 2025. *Id*. at 3, 11.

On July 8, 2025, Plaintiff served interrogatories, RFAs, and RFPs on Defendants. Pl. Mot. ¶ 3; 9/17/2025 Declaration of Richard A. Mac Bride ¶ 4 (ECF No. 25-2). Responses to Plaintiff's discovery requests were due on or before August 13, 2025. *Id.* On August 6, 2025, Defendants' counsel sought an extension to August 21, 2025 to respond to Plaintiff's discovery requests. *Id.* Plaintiff agreed to the extension and further reminded Defendants' counsel of the September 30, 2025 discovery deadline. *Id.* Because Defendants did not timely serve their written responses, Plaintiff followed up by email and by phone on August 28, 2025, September 2, 2025, September 3, 2025, and September 5, 2025. Pl. Mot. ¶ 4; Mac Bride Decl. ¶ 5. Before filing the pending motion, Plaintiff requested an informal discovery conference before the undersigned to address Defendants' failure to respond to discovery on September 5, 2025. Pl. Mot. ¶ 5; Mac Bride Decl. ¶ 6. Defense counsel was included in the request for an informal discovery conference. *Id.* After receiving availability for an informal discovery conference by Chambers' staff, Plaintiff provided his availability. *Id*. Defendants did not respond. *Id.*

## II. LEGAL STANDARDS

"Parties may obtain discovery regarding any nonprivileged matter that is relevant

to any party's claim or defense and proportional to the needs of the case[.]" Fed. R. Civ. P. 26(b)(1). "[B]road discretion is vested in the trial court to permit or deny discovery." *Hallett v. Morgan*, 296 F.3d 732, 751 (9th Cir. 2002).

A party may propound interrogatories relating to any matter that may be inquired to under Rule 26(b). Fed. R. Civ. P. 33(a). Rule 33 requires that, unless otherwise agreed upon or ordered, the responding party must serve its answers and any objections to interrogatories within thirty (30) days after being served. Fed. R. Civ. P. 33(b)(2). Parties must respond to the fullest extent possible, and any objections must be stated with specificity. Fed. R. Civ. P. 33(b)(3)-(4). In general, a responding party is not required "to conduct extensive research in order to answer an interrogatory, but a reasonable effort to respond must be made." *Haney v. Saldana*, 2010 WL 3341939, at *3 (E.D. Cal. Aug. 24, 2010) (citing *L.H. v. Schwarzenegger*, 2017 WL 2781132, at *2 (E.D. Cal. Sep. 21, 2007)). Further, the responding party must supplement a response if the information sought is later obtained or the previous response requires a correction. Fed. R. Civ. P. 26(e)(1)(A).

A party may serve requests for admission on any matters within the scope of Rule 26(b)(1) relating to "facts, the application of law to fact, or opinions about either"; and "the genuineness of any described documents." Fed. R. Civ. P. 36(a)(1). A matter is deemed admitted unless a written answer or objection is served within thirty (30) days, unless otherwise agreed upon or ordered, after the requests were served. Fed. R. Civ. P. 36(a)(3).

A party may serve requests to produce documents in the responding party's possession, custody, or control, including designated documents, electronically stored information, or other writings. Fed. R. Civ. P. 34(a)(1). A requesting party is entitled to production of documents within a responding party's possession, custody, or control, regardless of whether the requesting party possesses the same documents. Fed. R. Civ. P. 34(a). The responding party must respond in writing within thirty (30) days, unless otherwise agreed upon or ordered, after being served. Fed. R. Civ. P. 34(b)(2). If a

responding party objects, the objection "must state whether any responsive materials are being withheld on the basis of that objection[, and] an objection to part of a request must specify the part and permit inspection of the rest." Fed. R. Civ. P. 34(b)(2)(C).

A party may move to compel discovery if the movant has in good faith conferred with the party opposing discovery to obtain the requested discovery without the court's intervention. *See* Fed. R. Civ. P. 37(a)(1). The moving party bears the burden to "inform the Court which discovery requests are the subject of the motion to compel, and, for each disputed response, why the information sought is relevant and why the responding party's objections are not meritorious." *Adams v. Yates*, 2013 WL 5924983, at *1 (E.D. Cal. Nov. 1, 2013). Local Rule 251 governs motions to compel and requires the parties to confer and attempt to resolve their discovery differences. If there has been "a complete and total failure to respond to a discovery request or order," the moving party may bring its motion on fourteen (14) days' notice and the requirement for a Joint Statement re Discovery Disagreement is excused. E.D. Cal. L.R. 251(e).

If a court grants the motion to compel, then the court <u>must</u> order the party "whose conduct necessitated the motion... to pay the movant's reasonable expenses incurred in making the motion, including attorney's fees." Fed. R. Civ. P. 37(a)(5)(A). The court must not award expenses if "the movant filed the motion before attempting in good faith to obtain the disclosure or discovery without court action"; "the opposing party's nondisclosure, response, or objection was substantially justified"; or "other circumstances make an award of expenses unjust." Fed. R. Civ. P. 37(a)(5)(A)(i)-(iii). The burden is on the losing party to prove that its position was substantially justified. *See R & R Sails, Inc. v. Ins. Co. of Pennsylvania*, 673 F.3d 1240, 1246 (9th Cir. 2012).

### III.     DISCUSSION

"The discovery process in theory should be cooperative and largely unsupervised by the district court. But when required disclosures aren't made or cooperation breaks down, Federal Rule of Civil Procedure 37 allows a party to move for an order compelling disclosures or discovery." *Sali v. Corona Reg'l Med. Ctr.*, 884 F.3d 1218, 1219 (9th Cir.

4

2018). Here, Defendants have completely failed to uphold their discovery obligations and cooperate in discovery.

### A. Interrogatories, RFAs and RFPs

Plaintiff's interrogatories, RFAs and RFPs were served on July 8, 2025, making Defendants' responses due on or before August 13, 2025. Pl. Mot. ¶ 3; Mac Bride Decl. ¶ 4; Fed. R. Civ. P. 33(b)(2), 34(b)(2), 36(a)(3). Plaintiff granted Defendants' request for an extension to respond to August 21, 2025. As of the filing of Plaintiff's motion, Defendants have not responded to Plaintiff's interrogatories, RFAs or produced any documents.

The Court orders Defendants to serve complete and full responses to Plaintiff's interrogatories without objection and to produce documents responsive to Plaintiff's RFPs without objection within fourteen (14) days of this order. In addition, Plaintiff's RFAs are deemed admitted. *See* Fed. R. Civ. P. 36(a)(3). Due to Defendants' complete failure to respond to Plaintiff's interrogatories, RFAs, and RFPs and to oppose Plaintiff's motion, Defendants have waived any objection to Plaintiff's interrogatories, RFAs and RFPs. *See In re PersonalWeb Techs., LLC et al. Pat. Litig.*, 2022 WL 16556793, at *1 (N.D. Cal. Oct. 31, 2022); *Bell v. Jones*, 2021 WL 843242, at *2 (E.D. Cal. Mar. 5, 2021).

Defendants are reminded of their duty to comply with court orders and participate in discovery. If Defendants fail to comply with court orders, or participate in discovery, Defendants may face serious sanctions, including entry of default judgment. *See Connecticut Gen. Life Ins. Co. v. New Images of Beverly Hills*, 482 F.3d 1091, 1095 (9th Cir. 2007) (affirming district court's imposition of terminating sanction for discovery violations).

If a party fails to obey a discovery order, the court "may issue further just orders," including:

> (i)   directing that the matters embraced in the order or other designated facts be taken as established for purposes of the action, as the prevailing party claims;

| | | |
|---|---|---|
| | (ii) | prohibiting the disobedient party from supporting or opposing designated claims or defenses, or from introducing designated matters in evidence; |
| | (iii) | striking pleadings in whole or in part; |
| | (iv) | staying further proceedings until the order is obeyed; |
| | (v) | dismissing the action or proceeding in whole or in part; |
| | (vi) | rendering a default judgment against the disobedient party; or |
| | (vii) | treating as contempt of court the failure to obey any order except an order to submit to a physical or mental examination. |

Fed. R. Civ. P. 37(b)(2)(A); *see Leon v. IDX Sys. Corp.*, 464 F.3d 951, 958 (9th Cir. 2006). The choice of sanction, including entry of default judgment, is within the discretion of the court. *Olivia v. Sullivan*, 958 F.2d 272, 273 (9th Cir. 1992) (citations omitted); *see also* E.D. Cal. L.R. 110 (noting the failure of a party to comply with any local rule or order of the court may result in the imposition of "any and all sanctions authorized by statute or Rule or within the inherent power of the Court").

**B.     Requirement for Defendants to File Discovery Status Report**

The Court further orders Defendants to file a written status report within fourteen (14) days of this order regarding their compliance with this order in serving complete and full interrogatory responses without objections, and producing documents responsive to Plaintiff's RFPs without objections. The status report shall describe the manner and date of service of each of these items.

**C.     Rule 37 Expenses**

If a court grants a motion to compel, it also must award the moving party its reasonable expenses in making the motion, including attorneys' fees unless: the moving party did not make a good faith attempt to obtain the disclosure before making the motion; the opposing party's nondisclosure, response, or objection was substantially justified; or other circumstances make an award of expenses unjust. Fed. R. Civ. P. 37(a)(5)(A)(i)-(iii). "The test for substantial justification is one of reasonableness." *Cathey*

*v. City of Vallejo*, 2015 WL 5734858, at *8 (E.D. Cal. Sept. 29, 2015) (internal quotations omitted) (quoting *United States v. First Nat. Bank of Circle*, 732 F.2d 1444, 1447 (9th Cir. 1984)).

In addition, Plaintiff has not provided sufficient information for the Court to determine the amount of reasonable expenses if the Court were to make such an award. The Court therefore orders Plaintiff to file and submit his reasonable expenses in making the motion to compel, including attorney's fees, within fourteen (14) days of this order. Plaintiff must include sufficient detail, including the number of hours spent in drafting the motion, the description of the work completed, counsel's hourly rates, counsel's experience, and the prevailing market rate in Sacramento, where this district court sits, for attorneys of comparable experience.

The Court also provides Defendants with an opportunity to be heard as to Rule 37 expenses, including addressing whether there was any justification for their failure to respond to Plaintiff's discovery requests or whether other circumstances make an award of expenses unjust. *See* Fed. R. Civ. P. 37(a)(5)(A). Within seven (7) days after the filing of Plaintiff's submission, Defendants may file a response as to any justification for their failure to respond to Plaintiff's discovery requests, other circumstances that make awarding expenses unjust, and Plaintiff's requested expenses. A failure to timely respond by Defendant will be construed as a concession that there was no justification for Defendants' failure to respond to Plaintiff's discovery requests and as a non-opposition to the award of reasonable expenses under Rule 37(a)(5)(A). A separate order as to whether Rule 37 expenses will be awarded will issue separately.

## **ORDER**

As discussed above, the Court GRANTS Plaintiff's motion to compel (ECF No. 25), and ORDERS:

1. Within fourteen (14) days of this order, Defendants shall serve their complete and full responses to Plaintiff's interrogatories without objection, and produce documents responsive to Plaintiff's RFPs without objection. Plaintiff's RFAs

7

are deemed admitted;

2. Within fourteen (14) days of this order, Defendants shall file a written status report regarding their compliance with this order in serving complete and full interrogatory responses without objections, and producing documents responsive to Plaintiff's RFPs without objections. The status report shall describe the manner and date of service of each of these items;

3. The Court finds good cause to extend the non-expert discovery cut-off of September 30, 2025 to October 26, 2025 limited to complying with this order;

4. Within fourteen (14) days of this order, Plaintiff shall file and submit his reasonable expenses in making the motion to compel, including attorney's fees and information identified above; and

5. Within seven (7) days after the filing of Plaintiff's submission of his reasonable expenses, Defendants may file a response, including addressing whether there is any justification for their failure to respond to Plaintiff's discovery requests or whether other circumstances make awarding expenses unjust.

6. A separate order as to whether Rule 37 expenses will be awarded will issue separately.

Dated: September 26, 2025

CHI SOO KIM
UNITED STATES MAGISTRATE JUDGE

4, ramo1261.24