UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| OSCAR RAMOS,<br><br>　　　　Plaintiff,<br><br>　　v.<br><br>LESA MARIE GONZALEZ, et al.,<br><br>　　　　Defendants. | Case No. 2:24-cv-01261-CSK<br><br><br>ORDER GRANTING RULE 37 EXPENSES<br><br>(ECF Nos. 25, 27, 28) |

On September 26, 2025, the Court granted Plaintiff Oscar Ramos's motion to compel Defendants Lesa Marie Gonzalez, individually and dba Dave's Giant Hamburger, and Ellen Carol Gansberg regarding Plaintiff's interrogatories, requests for admissions ("RFAs"), and requests for documents ("RFPs").[1] 9/26/2025 Order (ECF No. 27); Pl. Mot. (ECF No. 25). Because Plaintiff had not provided the Court with sufficient information to determine the amount of expenses if the Court were to make such an award pursuant to Federal Rule of Civil Procedure 37(a)(5)(A), the Court ordered Plaintiff to submit his reasonable expenses, including attorney's fees, and provided Defendants with the opportunity to respond. 9/26/2025 Order at 7. Plaintiff submitted his reasonable

---

[1] This case proceeds before the undersigned pursuant to 28 U.S.C. § 636(c) for all purposes, including the entry of judgment, pursuant to the consent of all parties. (ECF No. 16.)

1

expenses, and Defendants did not respond. Pl. Resp. (ECF No. 28); *see* Docket.

I.  **DISCUSSION**[2]

    A.  **Rule 37 Expenses**

Under Rule 37, if a court grants a motion to compel or discovery is provided after the filing of the motion to compel, the court also must award the moving party its reasonable expenses in making the motion, including attorneys' fees unless: the moving party did not make a good faith attempt to obtain the discovery before making the motion; the opposing party's nondisclosure, response, or objection was substantially justified; or other circumstances make an award of expenses unjust. Fed. R. Civ. P. 37(a)(5)(A)(i)-(iii).

In the Court's September 26, 2025 order, Defendants were expressly warned that "[a] failure to timely respond by Defendant will be construed as a concession that there was no justification for Defendants' failure to respond to Plaintiff's discovery requests and as a non-opposition to the award of reasonable expenses under Rule 37(a)(5)(A)." 9/26/2025 Order at 7. As of November 6, 2025, Defendants have not responded though they were provided with the opportunity to respond. *See* 9/26/2025 Order; Docket. In addition, Defendants never responded to Plaintiff's motion to compel. *See* Docket. There is no evidence that Plaintiff did not make a good faith attempt to obtain the discovery before filing its motion to compel, and no other circumstances make an award of expenses unjust. *See* Fed. R. Civ. P. 37(a)(5)(A)(i), (iii). As Defendants were warned, Defendants' failure to respond is interpreted as Defendants' concession that there was no justification for their failure to respond to Plaintiff's discovery requests and as a non-opposition to awarding Plaintiff his reasonable expenses requested. *See* Fed. R. Civ. P. 37(a)(5)(A)(ii). Therefore, because the Court finds that none of the exceptions are established under Rule 37(a)(5)(A), the Court must award Plaintiff his reasonable expenses in making the motion to compel, including attorneys' fees. *See* Fed. R. Civ. P.

---

[2] Additional background on Plaintiff's motion to compel is provided in the Court's prior order. *See* 9/26/2025 Order.

37(a)(5)(A).

The Ninth Circuit affords district courts broad discretion in determining the reasonableness of fees. *Gates v. Deukmejian*, 987 F.2d 1392, 1398 (9th Cir. 1992). While the amount of a fee award is discretionary, the district court must "provide a concise but clear explanation of its reasons for the fee award." *Carter v. Caleb Brett LLC*, 757 F.3d 866, 868 (9th Cir. 2014). The Ninth Circuit utilizes the "lodestar" method for assessing reasonable attorney's fees. *Gonzalez v. City of Maywood*, 729 F.3d 1196, 1202 (9th Cir. 2013). Under the "lodestar" method, the number of hours reasonably expended is multiplied by a reasonable hourly rate. *Id*. Reasonable hourly rates are determined by the "prevailing market rates in the relevant community." *Sorenson v. Mink*, 239 F.3d 1140, 1145 (9th Cir. 2001). "[T]he established standard when determining a reasonable hourly rate is the 'rate prevailing in the community for similar work performed by attorneys of comparable skill, experience, and reputation.'" *Camacho v. Bridgeport Fin., Inc.*, 523 F.3d 973, 979 (9th Cir. 2008) (quoting *Barjon v. Dalton*, 132 F.3d 496, 502 (9th Cir. 1997)). Generally, "the relevant community is the forum in which the district court sits." *Camacho*, 523 F.3d at 979 (quoting *Barjon*, 132 F.3d at 500). Here, the relevant community is Sacramento, California, which is where this district court is located.

Plaintiff seeks attorney's fees in the amount of $700 for his counsel, Richard Mac Bride, in connection with his motion to compel. Mac Bride Decl. (ECF No. 28). Plaintiff's attorney fees are based on a $350 hourly rate for two hours of work. The Court finds that two hours is a reasonable amount of time spent by counsel. The Court further notes that Plaintiff is not seeking fees or expenses after the filing of his motion to compel. The Court next examines the hourly rates requested. Mr. Mac Bride has been practicing law for 27 years, since 1998, and runs his own law office. Mac Bride Decl. ¶ 3. Plaintiff also submits case law from the Eastern District of California to support counsel's requested rate, citing cases where counsel has been awarded his $350 hourly rate in this district. *See id*. ¶ 4. The Court finds that the requested hourly rate of $350 for an attorney with 27

3

years of experience is reasonable, and lower than the prevailing market rate in Sacramento for attorneys of comparable skill, experience, and reputation.

Pursuant to Rule 37(a)(5)(A), the Court therefore orders Defendants to pay Plaintiff's reasonable expenses in the amount of $700, which represents two hours for counsel at a $350 hourly rate.

**B.   Defendants' Compliance with the Court's September 26, 2025 Order**

Defendants were also ordered to file a written status report regarding their compliance with the September 26, 2025 order within 14 days of that order's issuance. 9/26/2025 Order at 8. Defendants did not file the required status report. *See* Docket. In addition, on October 27, 2025, Plaintiff filed a status report indicating that Defendants have not served any discovery responses, in further violation of the Court's September 26, 2025 order. 10/27/2025 Pl. Status Rpt (ECF No. 29).

It appears that Defendants are not participating in the litigation. *See* Docket; 10/27/2025 Pl. Status Rpt. By December 15, 2025, Plaintiff is ordered to file a status report as to how it intends to proceed in this action, including whether it will move for sanctions for Defendants' alleged failures to comply with the Court's discovery order.

**II.   CONCLUSION**

In conclusion, IT IS HEREBY ORDERED THAT:

1. Plaintiff is awarded his reasonable expenses in the amount of $700, which must be paid by Defendants to Plaintiff within twenty-one (21) days of the date of this order;

2. Defendants shall simultaneously file a notice once payment is made; and

3. By December 15, 2025, Plaintiff must file a status report as to how it intends to proceed in this action, including whether it will move for sanctions for Defendants' alleged failures to comply with the Court's discovery order.

Dated:  November 10, 2025

csk/ramo1261.24

CHI SOO KIM
UNITED STATES MAGISTRATE JUDGE